IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-97-TAV-HBG |
| SHAWN BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant Shawn Baker's Motion to Continue Trial, All Other Dates and Deadlines [Doc. 18], filed on November 1, 2021. In this motion, the Defendants ask the Court to continue the December 7, 2021 trial date for four to six months to give Defendant time to recover from a serious injury, which requires months of rehabilitation. The parties appeared before the undersigned for a telephonic motion hearing on November 10, 2021. Assistant United States Attorney Alan Scott Kirk appeared by telephone on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp appeared in person representing Defendant Baker, who was excused from attending the hearing.

On October 1, 2021, Defendant Baker appeared before the undersigned for an initial appearance and arraignment. At that hearing, Defendant waived and reserved his right to a detention hearing and was detained pending trial. The following day, defense counsel moved for a medical furlough [Doc. 14], stating that before his arrest, Defendant suffered four bullet wounds, causing him to be paralyzed from the waist down and leaving open wounds on his abdomen. The

motion for medical furlough states that Defendant was taken from the Blount County Jail to the hospital on the evening following his initial appearance due to his injuries. Defendant requested a medical furlough and to be released to the care of his mother Rose Hill to have the care and sterile environment he needs to heal. The Government responded [Doc. 15] that it had reviewed the Defendant's medical records and the recommendation of the United States Probation Office and did not object to Defendant's request for a medical furlough. On that same day, October 2, 2021, District Judge Thomas A. Varlan granted the medical furlough to permit Defendant to have appropriate medical treatment and to convalesce [Doc. 16]. The undersigned is aware that Defendant Baker was released from the hospital to his mother's home and has returned to the hospital at least once in the intervening weeks. Defendant cannot walk, requires in-patient care, and is awaiting insurance approval to enter a rehabilitation facility.

In the motion to continue, counsel states that due to Defendant's ill health, he is currently not able to participate in his own defense. The motion relates that counsel has not been able to complete his investigation of the facts of the case and cannot yet advise Defendant on the best resolution of the case. The motion relates that Defendant understands that all time until his new trial date will be excludable under the Speedy Trial Act and that the Government does not oppose the requested relief. At the November 10 hearing, Mr. Sharp agreed Defendant is waiving his speedy trial rights in relation to the motion to continue. AUSA Kirk confirmed that the Government does not oppose a continuance. The parties agreed on a new trial date of April 26, 2022.

The Court finds that Defendant's motion to continue the trial is unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The

2

Court finds that defense counsel needs additional time to investigate the case, locate and interview witnesses, and prepare for trial. In this regard, the Court observes that due to his injuries and ill health, Defendant cannot currently assist counsel or participate in his defense. Thus, the Court finds that the preparations remaining to ready this case for trial cannot occur by the December 7 trial date or in less five and one-half months. The Court finds that a trial continuance is warranted to give defense counsel the reasonable time necessary to prepare for trial effectively, even taking into consideration counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's unopposed motion [**Doc. 18**] to continue the trial and schedule is **GRANTED**, and the trial is reset to **April 26, 2022**. The Court finds that all the time between the filing of the motion for a continuance on **November 1, 2021**, and the new trial date of **April 26, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The new schedule in this case is set out in detail below.

Accordingly, it is **ORDERED** as follows:

> (1) Defendant Baker's Motion to Continue Trial, All Other Dates and Deadlines [**Doc. 18**] is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **April 26, 2022**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;
>
> (3) All time between the filing of the motion on **November 1, 2021**, and the new trial date of **April 26, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) The deadline for filing pretrial motions is extended to **January 31, 2022**. Responses to motions are du on or before **February 14, 2022**;
>
> (5) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **March 28, 2022**;
>
> (6) Motions *in limine* must be filed no later than **April 11, 2022**;

(7) The parties are to appear before a United States Magistrate Judge for a final pretrial conference on **April 12, 2022, at 11:00 a.m.**; and

(8) Requests for special jury instructions, supported by citations to authority pursuant to Local Rule 7.4., are due on or before **April 15, 2022.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
H. Bruce Guyton
United State Magistrate Judge