# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:21-CR-97-TAV-JEM |
| SHAWN BAKER, ) | |
| Defendant, ) | |

## ORDER OF DETENTION

All pretrial motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b) for recommendation or disposition as appropriate. This case is before the undersigned on the United States Motion for Detention [Doc. 37], asking to revoke Defendant Shawn Baker's conditions of pretrial release. Proceeding under 18 U.S.C. § 3148, the Government argues that probable cause exists to believe that Defendant committed a crime by testing positive for marijuana use, admitting to daily marijuana use, and failing to appear for a state court hearing in Loudon County, Tennessee. It asserts that clear and convincing evidence exists of Defendant's violation of several other conditions of his release. The Government contends that Defendant is unlikely to abide by any conditions of release and is a danger to the community and, thus, his release should be revoked.

The parties appeared before the undersigned on August 12, 2022, for a motion and revocation hearing. Assistant United States Attorney Alan Scott Kirk appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented Defendant, who was also present. The Court has considered the exhibits, proffers, and arguments of the parties, along with the testimony of United States Probation Officer April Bradford. For the reasons stated herein, Defendant's pretrial release is **REVOKED**, and Defendant Baker is **DETAINED** pending further proceedings in this case.

I.      BACKGROUND

On August 5, 2021, the Grand Jury charged Defendant Baker with carjacking (Count One), kidnapping (Count Three), two counts of brandishing a firearm during a crime of violence (Counts Two and Four), and being a felon in possession of a firearm (Count Five), all alleged to have occurred on March 6, 2021. Prior to his arrest on September 30, 2021 [*see* Doc. 17], Defendant sustained gunshot wounds.

At his initial appearance on October 1, 2021, the Government requested detention of Defendant, and Defendant waived and reserved the right to a detention hearing [Docs. 7, 10]. On October 2, 2021, United States District Judge Thomas A. Varlan released Defendant Baker on a temporary medical furlough to receive medical treatment for gunshot injuries, resulting in Defendant's paralysis from the waist down [Doc. 16].

On November 16, 2021, United States Magistrate Judge H. Bruce Guyton imposed conditions of release during the medical furlough, including that Defendant be on "home incarceration" at his "parents' residence" at 1926 Lake City Highway, in Clinton, Tennessee, until admitted to an inpatient rehabilitation facility [Doc. 21-1]. Defendant was required to remain at the rehabilitation facility until discharged and to return to the custody of the United States Marshal Service when ordered to do so [Doc. 21-1]. Other conditions required that Defendant not violate any federal, state, or local law; have no contact with any known convicted felons, drug dealers, or drug users; and refrain from any use or unlawful possession of a controlled substance unless prescribed [Doc. 21-1]. The Court held periodic status conferences to determine when Defendant could return to custody and repeatedly affirmed Defendant's release on the stated conditions [Docs. 25, 27, 29, 31].

2

Case 3:21-cr-00097-TAV-JEM   Document 39   Filed 08/16/22   Page 2 of 9   PageID #: 92

On July 14, 2022, the Court held a detention hearing via video. AUSA Kirk appeared on behalf of the Government. Mr. Sharp appeared on behalf of Defendant Baker, who was also present by video. At the hearing, the Court found, after considering the parties' agreement, information received from the United States Probation Office, and the factors set forth in 18 U.S.C. § 3142, that the appearance of Defendant as required and the safety of any other person or the community can reasonably be assured by releasing Defendant on conditions. The Court entered an Order Setting Conditions of Release and imposed conditions, including that Defendant not violate any federal, state, or local law; that his mother serve as his third-party custodian; and that Defendant not use or unlawfully possess a controlled substance unless lawfully prescribed [Doc. 35]. Upon Defendant's release on conditions, the Court terminated Defendant's temporary medical furlough [Doc. 36].

On August 5, 2022, the Court received an email from USPO Bradford, Defendant's supervising probation officer, summarizing information she gathered during a home visit with Defendant following his release on conditions [Doc. 37-1]. Officer Bradford states that Defendant tested positive for marijuana on August 1, 2022, and that Defendant admitted using marijuana regularly while on medical furlough and stated he last used marijuana on July 13, 2022. Officer Bradford also advised the Court that Defendant's mother and third-party custodian does not live at the residence and sees Defendant two to three days weekly. Defendant lives with his 80-year-old grandmother and a cousin, who is a convicted felon on pretrial release pending a violation hearing. Defendant's grandmother reported calling E-911, because she feared for her safety when Defendant flipped a chair over in anger. Officer Bradford also stated that Defendant failed to appear in state court on July 27, 2022, resulting in the issuance of a warrant for his arrest. Officer Bradford recommended that the Court set a status conference on matters relating to Defendant's

release. In response to this email, which was also provided to counsel for both parties, the Court set a status conference for August 12, 2022.

On August 10, 2022, the Government moved for revocation of Defendant's pretrial release, attaching a copy of Officer Bradford's August 5 email [Docs. 37, 37-1]. The Court noticed the parties that the August 12 status conference would be a motion and revocation hearing on the Government's motion.

The parties appeared for the revocation hearing on August 12, 2022. AUSA Kirk proffered the August 5 email from Officer Bradford and an Incident Report from the Anderson County Sheriff's Office [Exh. 1]. The Incident Report states that on May 19, 2022, a deputy responded to a call from Defendant's grandmother regarding a "verbal domestic" incident between Defendant and his grandmother. Defendant's grandmother reported that she told Defendant to turn his music down and he responded by yelling and turning over a recliner and two chairs before returning to his room. Defendant's grandmother told the deputy no physical assault occurred and that she and Defendant would stay away from each other. Defendant's grandmother did not press charges and the case was closed.

Mr. Sharp introduced two sealed medical reports [Exhs. 2, 3]. He also proffered the following: Defendant's mother and third-party custodian lives with Defendant and her mother/his grandmother at the grandmother's residence at 126 Lake City Highway in Clinton, Tennessee. Defendant's mother recently sold a house in Halls, Tennessee, and was at that house packing for a few days. Defendant's grandmother intends to sell her house soon. Defendant's parents will purchase a house, where they will live with Defendant and his grandmother, who can no longer live alone. For the past few weeks, Defendant's cousin has lived at the grandmother's residence in an apartment over a detached garage. Defendant's cousin has a revocation hearing on August

4

12, is expected to go into custody, and will no longer be living at the residence. Regarding the May 19 incident, the report does not indicate that the officers spoke with Defendant, and no charges were filed.

Mr. Sharp also proffered that although Defendant has regained some function, he must use a wheelchair and cannot descend stairs unassisted. Defendant continues to receive outpatient physical therapy and is scheduled to receive physical therapy three times weekly for twelve weeks. Defendant has a consultation regarding hernia surgery on August 24, 2022. At the time Defendant reportedly last used marijuana, July 13, he was on a medical furlough, not on pretrial release. Mr. Sharp acknowledged, however, that Defendant was on conditions of release during the medical furlough. Defendant said he used marijuana to control his pain because he did not like his prescribed medication. Defendant received the marijuana from a colleague who visited Defendant to play videogames. Mr. Sharp argued that a condition prohibiting Defendant from having visitors and requiring him to undergo random drug screening would prevent any future marijuana use. Mr. Sharp proffered that Defendant did not know about the July 27 court date in Loudon County, but if allowed to remain on release, Defendant will resolve the issues with Loudon County.

The Court called USPO April Bradford as a witness. Officer Bradford stated that she conducted a home visit on August 1, 2022, and spoke with Defendant and his grandmother. When Officer Bradford asked about Defendant's third-party custodian, the grandmother stated that Defendant's mother had not lived at the residence for two to three months. Officer Bradford stated that Defendant was present during that conversation and did not object to his grandmother's statement. Officer Bradford testified that she asked Defendant how many times he sees his mother each week, and Defendant said his mother comes to the residence two to three days per week to help manage his medication and to take him to appointments. In response to a question from

defense counsel, Officer Bradford said she did not speak with Defendant's mother after the home visit.

## II. ANALYSIS

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). After a hearing, the Court *shall* revoke the defendant's release and detain the defendant, if it finds probable cause to believe the defendant has committed another crime while on release or clear and convincing evidence that the defendant has violated any other condition of release and the Court also finds "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

Here, the Court finds probable cause to believe that Defendant has committed the crime of possession of marijuana, an illegal controlled substance. *See* 18 U.S.C. § 3148(b)(1)(A). Defendant tested positive for marijuana on August 1, 2022, and admitted to using marijuana regularly during his medical furlough. Defendant argues that he has not used marijuana while on pretrial release but acknowledged he used marijuana while released on conditions pursuant to a temporary medical furlough.

The Bail Reform Act permits a judicial officer to authorize the temporary release of a detained pretrial defendant if "the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). On October 2, 2021, District Judge Varlan permitted Defendant's temporary release for a medical furlough, finding the furlough to be medically necessary for Defendant to "receive appropriate

6

Case 3:21-cr-00097-TAV-JEM   Document 39   Filed 08/16/22   Page 6 of 9   PageID #: 96

medical treatment and to convalesce" [Doc. 16 p. 2]. Magistrate Judge Guyton permitted Defendant to continue the temporary medical furlough, imposing conditions described in the Bail Reform Act [Doc. 21-1]. *See* 18 U.S.C. § 3142(c)(1)(A), -(B)(iv), -(B)(v), -(B)(viii), -(B)(ix), & -(B)(xiv). Accordingly, the Court finds that even if Defendant has not used marijuana after the undersigned placed him on conditions of pretrial release, Defendant admitted to using an illegal controlled substance while on conditional release under the Bail Reform Act, and he tested positive for that substance on August 1, 2022. Revocation of his pretrial release is an available sanction for this violation. 18 U.S.C. § 3148(a).

The Court has considered the modified conditions raised by Defendant, including that he be prohibited from having any visitors and that he submit to random drug testing. The Court, however, finds that Defendant was placed on home incarceration, the most restrictive condition possible, both during his medical furlough and on pretrial release. Defendant violated the conditions of his medical furlough with impunity by using marijuana regularly, associating with a drug user and/or dealer (his colleague who provided the marijuana), and associating with a known felon (his cousin). For this reason, the Court has no confidence that Defendant would abide by any conditions the Court may set, including a condition that he have no visitors, which would be difficult to monitor. *See* 18 U.S.C. § 3148(b)(2)(B). Additionally, Defendant engaged in a verbal domestic incident on May 19, 2022, in which he yelled at his grandmother and turned over furniture, causing his 80-year-old grandmother to fear for her safety and call the police. The Court further finds that the proposed new conditions would not reasonably assure the safety of the community, particularly the safety of those with whom Defendant resides. *See* 18 U.S.C. § 3148(b)(2)(A).

7

Case 3:21-cr-00097-TAV-JEM   Document 39   Filed 08/16/22   Page 7 of 9   PageID #: 97

Finally, at the August 12 revocation hearing, the Government argued that if it had known Defendant was violating the conditions of his medical furlough by using marijuana and had engaged in a domestic incident with his grandmother, it would not have agreed to his release on conditions. Section 3142(f) permits the Court to reopen a detention hearing, at "any time before trial if [it] finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Taking the Government's motion to revoke pretrial release, alternatively, as a motion to reopen the detention hearing, the Court finds that Defendant's regular marijuana use and the May 19, 2022 domestic incident are both matters that were not known to the Government at the detention hearing[1] and that are material to the question of whether Defendant should be released on conditions. The Court also finds that aspects of the Defendant's living conditions— namely, that his third-party custodian may not have been living at Defendant's residence full-time

---

[1] As a general rule, a detention hearing "should not be reopened if the evidence proffered was available at the time of the hearing." *United States v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, *3 (N.D. Ohio Dec. 18, 2009) (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991), *aff'd*, 511 F. App'x 391 (6th Cir. 2013). Defendant Baker was initially detained [Doc. 11], then released on a temporary medical furlough while he was in the hospital [Doc. 16]. Upon Defendant's discharge from the hospital, Defendant was released on conditions to live with his parents at the Lake City Highway residence, while waiting to get into an inpatient rehabilitation program [Doc. 21-1]. Defendant ultimately never entered inpatient rehabilitation [*see* Docs. 27, 29]. Due to the unique circumstances of this case, the normal pretrial interview and vetting of the Lake City Highway residence did not occur. At the time the Government agreed to pretrial release, Defendant had been living at the proposed residence on the conditions of his temporary medical furlough for eight months. The Court finds that while some of the information likely could have been discovered before the July 14 video detention hearing, the failure to do so is understandable given that Defendant was continuing in a situation in which he had reportedly been succeeding for eight months. *See, e.g.*, *United States v. Bills*, No. 3:19-cr-69, 2019 WL 1901643, at *5 (M.D. Tenn. Apr. 29, 2019) ("Here, the Court finds that, at least as to some of the evidence offered, while it may not have been impossible for the government to have obtained the information prior to the initial detention hearing, the government's conduct was not so devoid of diligence that the detention hearing cannot be reopened.").

and that a convicted felon was living at the residence, albeit, in an apartment over the garage—were not known at the detention hearing and are also material to the question of his release.

The Government's agreement to release and the Defendant's compliance with conditions of his temporary medical furlough were matters that weighed heavily in the Court's decision to release Defendant on conditions [*see* Doc. 36]. Accordingly, if the Court were to reopen the detention hearing in the circumstances of this unique case, the Court would find, based on this new and material information, that Defendant should not be released because he is a danger to the community and because he is unlikely to abide by any conditions the Court could impose.

## III. CONCLUSION

For the reasons stated herein, the United States['s] Motion for Detention [**Doc. 37**] is **GRANTED** and Defendant's pretrial release is **REVOKED**. Defendant Baker is **ORDERED** remanded to the custody of the United States Marshal to await his trial. Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge