IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-97-TAV-JEM |
| SHAWN BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Shawn Baker's Motion to Continue Trial, All Other Dates and Deadlines [Doc. 42], filed on March 10, 2023.

In his motion, Defendant asks the Court to continue the April 11, 2023 trial date and associated deadlines. Counsel for Defendant states that while Defendant has suffered a serious medical injury that has significantly delayed the progression of this matter, the parties continue to make progress toward a full resolution of this matter. Specifically, Defendant explains that the Government has proposed a plea offer to Defendant and defense counsel needs additional time so that Defendant can make a counteroffer for the Government to consider. Counsel adds that Defendant is remotely detained approximately two hours away. He avers that granting a continuance will provide the parties an opportunity to make a full resolution of this case and serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and Defendant in a speedy trial. Counsel states that he has spoken with both Defendant Baker, who understands the time between the filing of the motion and the rescheduled trial date would be fully excludable for

speedy trial purposes, and counsel for the Government, who has no objection to the requested continuance.

Based upon the information provided by Defendant in his motion and the fact that the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). The parties are negotiating a potential plea agreement and, if negotiations are not ultimately fruitful, they need time to prepare for trial—a task made more difficult by Defendant's pretrial detention two hours away. The Court finds that this preparation cannot be done by the April 11, 2023 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial, All Other Dates and Deadlines [**Doc. 42**]. The trial of this case is reset to **June 20, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 10, 2023, and the new trial date of June 20, 2023, is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Shawn Baker's Motion to Continue Trial, All Other Dates and Deadlines [**Doc. 42**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 20, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 10, 2023**, and the new trial date of **June 20, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 19, 2023**;

(5) the deadline for filing motions *in limine* is **May 22, 2023**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 23, 2023, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 9, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge